UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Central States Southeast and Southwest Areas Pension Fund, Central States Southeast and Southwest Areas Health and Welfare Fund, and Arthur H. Bunte, Jr., Trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>Lakeville Transportation, Inc., Wren Corporation, Summit Renovation and Design, Inc., LME, Inc., Wren Equipment, LLC, Terminal Properties, LLC, Superior Properties Management, Inc., Wren Enterprises, LLC, R&L Cartage Properties, LLC, Lakeville Logistics, Inc., Iowa Terminal Properties, LLC, Rock Island Properties, LLC, JMW Properties, LLC, Omaha Properties, LLC, Turk Trust, LLC, Roger Wilsey, Shari Taylor Wilsey, and Finish Line Express, LLC,<br><br>    Defendants. | Case No. 18-cv-1863 (SRN/KMM)<br><br><br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Brad R. Berliner, Frank T. Blechschmidt, and John Joseph Franczyk, Jr., Central States Funds Legal Department, 9377 W. Higgins Rd., Ste. 10th Floor, Rosemont, IL 60018; Lisa L. Beane, Robins Kaplan, LLP, 800 LaSalle Ave., Ste. 2800, Minneapolis, MN 55402; Katherine S. Barrett Wiik, Best & Flanagan, 60 South 6th St., Ste. 2700, Minneapolis, MN 55402, for Plaintiffs.

John R. McDonald, Benjamin E. Gurstelle, Jason R. Asmus, and Justin Peter Weinberg, Briggs and Morgan, P.A., 2200 IDS Center, 80 South 8th St., Minneapolis, MN 55402, for Defendants Turk Trust, LLC, Roger Wilsey, and Shari Taylor Wilsey.

Christopher E. Hoyme, Jackson Lewis P.C., 10050 Regency Circle, Ste. 400, Omaha, NE 68114; Brian T. Benkstein, Fredrikson & Byron, P.A., 200 S. Sixth 6th St., Ste. 4000, Minneapolis, MN 55402, for Defendants Summit Renovation and Design, Inc., LME, Inc., Wren Equipment LLC, Terminal Properties, LLC, Superior Properties Management, Inc., Wren Enterprises, LLC, Lakeville Logistics, Inc., Iowa Terminal Properties, LLC, Rock Island Properties, LLC, JMW Properties, LLC, and Omaha Properties, LLC.

Martin D. Kappenman and Thomas R. Revnew, Seaton, Peters & Revnew, PA, 7300 Metro Blvd., Ste. 500, Minneapolis, MN 55439, for Defendant Finish Line Express, LLC.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the Court on the Motion to Refer This Case to the Bankruptcy Court [Doc. No. 80] jointly filed by the following Defendants: Roger Wilsey, Shari Taylor Wilsey, Turk Trust, LLC, Iowa Terminal Properties, LLC, JMW Properties, LLC, LME, Inc., Lakeville Logistics, Inc., Omaha Properties, LLC, R&L Cartage Properties, LLC, Rock Island Properties, LLC, Summit Renovation and Design, Inc., Superior Properties Management, Inc., Terminal Properties, LLC, Wren Enterprises, LLC, Wren Equipment, LLC, and Finish Line Express, LLC (collectively, the "Moving Defendants"). For the reasons set forth below, the Moving Defendants' Motion is denied.

## II. BACKGROUND

In January 2017, Lakeville Motor Express, Inc. ("Lakeville Motor") commenced Chapter 7 bankruptcy proceedings under Title 11 of the U.S. Bankruptcy Code in the U.S.

Bankruptcy Court, District of Minnesota ("Bankruptcy Court"). (*See In re Lakeville Motor Express, Inc.*, No. 17-40145 (Bankr. D. Minn.)) (the "Lakeville Motor Bankruptcy Case"). Plaintiffs in the instant action—employee pension funds, health and welfare funds, and the funds' trustee—participated in the Lakeville Motor Bankruptcy Case, where they filed three proofs of claim against the debtor, Lakeville Motor Express, Inc. ("Lakeville Motor"). (*See id.*, Claim Nos. 14, 15, 16.)

In March 2018, Plaintiffs filed the instant suit under the Employment Retirement Income Security Act of 1974 ("ERISA") against Defendants, in the U.S. District Court for the Northern District of Illinois. (*See* Compl., *Central States Se. & Sw. Areas Pension Fund v. Lakeville Transp., Inc.*, No. 18-cv-1878 (N.D. Ill. Mar. 15, 2018) [ECF No. 1].) Although Lakeville Motor is not one of the Defendants in this action, the allegations in the Complaint concern its closure in 2016 and its alleged liabilities of over $90 million resulting from unpaid employee wages and withdrawal liability. (*Id.* ¶¶ 1–2.) Plaintiffs allege that the owners of Lakeville Motor, Roger Wilsey and Shari Taylor Wilsey, "intentionally sabotaged" the company's operations, while moving work to other trucking and truck-related companies that they owned and controlled. (*Id.* ¶ 2.) Plaintiffs assert that these other entities—Defendants in this action—were alter egos of Lakeville Motor, or were subject to its control. (*Id.* ¶ 4.) Plaintiffs contend that Defendants were delinquent in making contributions to employee benefit funds and also incurred withdrawal liability. (*Id.*)

3

In May 2018, several of the Defendants in the Northern District of Illinois District Court action moved to transfer this case to the District of Minnesota. (*See* Mot. to Transfer [Doc. No. 52].) The movants requested transfer to this District, ultimately seeking the referral of this case to Bankruptcy Court in this District. (Mem. Supp. Mot. to Transfer at 6 [Doc. No. 47-1].)

Also in May 2018, in Bankruptcy Court, John R. Stoebner, Trustee for the Bankruptcy Estate of Lakeville Motor Express, Inc., filed two adversary proceedings, *John Stoebner, Trustee v. LME, Inc.*, 18-4031 (the "LME Adversary Proceeding"), and *John Stoebner, Trustee v. Central States, Southeast & Southwest Pension Fund*, 18-4058 (the "Central States Adversary Proceeding."). In the LME Adversary Proceeding, Stoebner alleged that Lakeville Motors had made fraudulent and preferential transfers. (*See Stoebner v. LME, Inc.*, Adv. No. 18-04031 (Bankr. D. Minn. Mar. 28, 2018 [ECF No. 1])). In the Central States Adversary Proceeding, Stoebner alleged that the ERISA claims filed by Plaintiffs in the District Court lawsuit violated an automatic stay in the Lakeville Motor Bankruptcy Case, and that the Court should require the marshaling of assets. (*See Stoebner v. Central States Se. & Sw. Areas Pension Fund*, Adv. No. 18-04058 (Bankr. D. Minn. May 2, 2019 [ECF No. 1])).

In July 2018, the presiding judge in the Northern District of Illinois granted the motion to transfer, noting that this case is "closely related" to the Lakeville Motor Bankruptcy Case. (July 2, 2018 Order at 9 [Doc. No. 71].) He observed that Plaintiffs' claims in Bankruptcy Court "seek to collect on the same contribution and withdrawal

4

liability at issue here." (*Id.* at 9–10.) Moreover, he stated, "The bankruptcy court in the District of Minnesota likely will have jurisdiction over this case once it is transferred because this case is 'related to' the bankruptcy proceeding." (*Id.* at 11) (citing 28 U.S.C. § 157(c)(1)). Upon the transfer of this case from the Northern District of Illinois, the Moving Defendants filed the instant motion, seeking the referral of this case to Bankruptcy Court.

Since the filing of this motion, however, the parties in the LME Adversary proceeding have reached a settlement agreement, which U.S. Bankruptcy Judge Michael Ridgway has recently approved. (*See* Lakeville Motor Bankruptcy Case, No. 17-40145, Mar. 13, 2019 Order [Doc. No. 64].) Among the terms of the parties' agreement, the LME Adversary proceeding is to be dismissed. (*See id.* at ¶ 8.)

### III. DISCUSSION

The Moving Defendants contend that because the claims in this matter are "related to" the proceedings in Bankruptcy Court, this Court may refer the matter to Bankruptcy Court. (Defs.' Mem. at 6–9 [Doc. No. 82].) Additionally, they argue, because this case involves "core" bankruptcy issues, referral is necessary and appropriate. (*Id.*) They assert that referral to Bankruptcy Court will ensure the consistent and efficient resolution of these "overlapping matters," and minimize the burden on the Court, the Bankruptcy Court, and the parties. (*Id.* at 9.) Plaintiffs oppose the motion, arguing that the claims here are unrelated to the claims in Bankruptcy Court, and even if they were related, referring the case would not promote judicial efficiency. (Pls.' Opp'n Mem. at 1–2 [Doc. No. 96].)

Civil proceedings in bankruptcy actions are divided into two categories: core proceedings and non-core, related proceedings. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). Under 28 U.S.C. § 157, core proceedings "are those which arise only in bankruptcy or involve a right created by federal bankruptcy," *id.*, while non-core, related proceedings "are those which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Id.* The Bankruptcy Code contains a non-exclusive list of "core" proceedings, including matters such as the "allowance or disallowance of claims against the [debtor's] estate," 28 U.S.C. § 157(b)(2)(B), and "proceedings affecting the liquidation of the assets of the estate." *Id.* § 157(b)(2)(O).

The Moving Defendants point to Plaintiffs' actions in filing proofs of claim in Bankruptcy Court in support of their argument that this is a core bankruptcy proceeding. (*See* Defs.' Mem. at 8.) But the mere fact that Plaintiffs have filed proofs of claim there is not determinative of whether *this* case is a core proceeding. *See Stern v. Marshall*, 564 U.S. 462, 495–96 (2011). The claims here do not "arise only in bankruptcy or involve a right created by federal bankruptcy law." *Specialty Mills,* 51 F.3d at 773. Rather, the claims arise under ERISA. Plaintiffs do not invoke substantive rights created by federal bankruptcy law, as reflected by the absence of bankruptcy law in their Complaint. *See Reedquist v. McKay*, 540 B.R. 388, 393 (D. Minn. 2015) ("The fact that Reedquist invokes non-bankruptcy law, even if not through a direct citation, lends additional support to the conclusion that this action is not a core proceeding.") (citing *In re Holmes*, 387 B.R. 591,

6

599 (Bankr. D. Minn. 2008)) ("[A]n action . . . in which non-bankruptcy law is invoked for substantive governance[ ] is not a core proceeding."). Clearly, the ERISA claims alleged here exist outside of bankruptcy, and, therefore, this is not a core proceeding.

As to whether this case is a "related proceeding," cases are deemed to be "related to" bankruptcy proceedings where the outcome of the district court proceeding "could conceivably have any effect" on the bankruptcy estate. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . which in any way impacts upon the handling and administration of the bankruptcy estate." *Specialty Mills*, 51 F.3d at 774 (alteration in original) (quoting *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782, 786 (8th Cir. 1987)). Related-to jurisdiction is a "jurisdictional grant of some breadth," enabling bankruptcy courts to "deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *In re Holmes*, 387 F.R. at 599 (citations omitted).

The Court declines to refer this case to Bankruptcy Court as a related-to proceeding. In this action, Plaintiffs have not asserted any claims against the bankrupt debtor, Lakeville Motor Express—claims that have since been resolved, in any event, in the LME Adversary Proceeding. Moreover, the resolution of claims in the LME Adversary Proceeding would appear to effectively moot the marshaling of assets claim in the Central States Adversary Proceeding, leaving only Stoebner's claim concerning a violation of the automatic stay in that proceeding. If the claims in the the LME Adversary Proceeding had not been resolved, there would be a stronger argument for finding related-to jurisdiction. However, under the

7

present circumstances, there is an insufficient basis for finding that this case is related to bankruptcy proceedings. Even where related-to jurisdiction may exist, it should not always be exercised. *In re Holmes*, 387 B.R. at 602. The issues here, arising under ERISA, are "outside the specialized expertise" of Bankruptcy Court, and "litigation of them would not be made any more efficient by presenting them for decision [in Bankruptcy Court]." *Id.* Accordingly, the Court finds that this matter will proceed most efficiently in this Court, and referral to Bankruptcy Court is not appropriate.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. The Moving Defendants' Joint Motion to Refer This Case to the Bankruptcy Court [Doc. No. 80] is **DENIED**.

Dated: March 25, 2019
                                         s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge