# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Central States Southeast & Southwest Areas Pension Fund; Central States Southeast and Southwest Areas Health and Welfare Fund; and Charles A. Whobrey, Trustee;<br><br>        Plaintiffs,<br><br>v.<br><br>Lakeville Transportation, Inc.; Wren Corporation; Summit Renovation and Design, Inc.; LME, Inc.; Wren Equipment, LLC; Terminal Properties, LLC; Superior Properties Management, Inc.; Wren Enterprises, LLC; R&L Cartage Properties, LLC; Lakeville Logistics, Inc.; Iowa Terminal Properties, LLC; Rock Island Properties, LLC; JMW Properties, LLC; Omaha Properties, LLC; Turk Trust, LLC; Roger Wilsey; Shari Taylor Wilsey; and Finish Line Express, LLC;<br><br>        Defendants. | Case No. 0:18-cv-1863-SRN-KMM<br><br><br><br><br><br><br><br>**ORDER** |

   This matter is before the Court following the withdrawal of counsel for LME, Inc., and Wren Equipment, LLC, and the Assignment for Benefit of Creditors of the same two defendants to Alliance Management, LLC. The Court recently held a status conference to discuss this matter and sought input from all parties regarding whether to enter a complete or partial stay. For the reasons set forth below, the Court orders that this matter be STAYED in most respects. The deadlines currently contained in the Pretrial Scheduling Order (ECF 107) are suspended. Formal discovery is suspended as well. The Court will hold a status conference in 60 days to discuss

whether the stay should continue to remain in effect, should be lifted, or should be altered in some way.

In determining whether to grant a stay, the Court considers the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Card Tech. Corp. v. DataCard Corp.*, No. 05-cv-2546 (MJD/SRN), 2007 WL 551615 at *3 (D. Minn. Feb. 21, 2007). The Court has substantial discretion to weigh these factors in light of the unique circumstances of the case before it and to decide whether a stay is appropriate using its inherent power to manage litigation.[1] *See Honeywell Intern., Inv. V. Furuno Elec. Co. Ltd.*, No. 09-cv-3601 (MJD/AJB), 2010 WL 3023529 at *2 (D. Minn. July 30, 2010) (citations omitted).

Against this legal backdrop, the Court finds that a stay for at least the next 60 days is appropriate for two reasons. First, two of the lead defendants are now unrepresented, and corporations may not appear pro se in federal court. *Antioch Co. v. Scrapbook Borders, Inc.*, 210 F.R.D. 645, 647 (D. Minn. 2002); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). Unless those defendants are able to obtain counsel, they will be found in default, precluding a ruling on the merits. *See Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001); *Antioch*, 210 F.R.D. at 647 n.1. Second, these two lead defendants have significant amounts of discovery that will need to be produced in order to resolve this litigation. However, due to the receivership, they cannot readily provide that discovery, whether they are treated as defendants or as third parties. This reality will render discovery very difficult, if not impossible, in the near term.

---

[1] The Court declines to determine whether the receivership at issue, entered in accordance with Minnesota Statutes chapters 576 and 577, requires a stay as a matter of law, a point about which the parties disagree. Because the Court determines that a stay is appropriate whether it is mandatory or discretionary, further consideration of this question is not necessary.

During the status conference, some defendants suggested that this matter should be stayed except as to settlement discussions. The Court agrees with this course of action. The Court is willing to schedule this matter for a settlement conference for the remaining defendants if the parties first undertake sincere efforts to resolve the litigation through direct negotiations. Therefore, during the next 60 days, the remaining defendants and plaintiffs should engage in focused settlement discussions with their respective clients and with one another. These discussions must include the exchange of specific offers and demands and must involve a sincere effort to resolve the litigation without further expense and without further intervention of the Court.[2] A telephonic status conference to discuss next steps in this matter will be scheduled for Tuesday, November 12, 2019. One week prior to the telephonic status conference, counsel for each party must email the Court a confidential communication to update the Court regarding the status of these negotiations. In addition, counsel for the receiver is invited to participate in this call and to submit any communication it believes appropriate.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. The above matter is STAYED for 60 days.
2. The parties are ordered to engage in meaningful settlement discussions.
3. On or before November 5, 2019, counsel for each party must email the Court a confidential communication to update the Court regarding the status of the settlement negotiations. Emails should be directed to menendez_chambers@mnd.uscourts.gov.

Date: September 12, 2019                             *s/Katherine Menendez*
                                                                            Katherine Menendez
                                                                            United States Magistrate Judge

---

[2] The Court also encourages counsel for the plaintiffs to communicate in good faith with the receiver in a sincere effort to resolve this litigation was to LME and Wren Equipment, LLC through the receivership. However, given that those entities lack counsel, the Court does not order them to participate directly in those negotiations.