# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Central States Southeast & Southwest Areas Pension Fund, et al., | Case No. 18-cv-1863-SRN-KMM |
| Plaintiffs, | |
| v. | **ORDER** |
| Lakeville Transportation, Inc., et al., | |
| Defendants. | |

This matter is before the Court on the Defendants' Motion to Stay This Action and for a Protective Order. ECF No. 194. The Court held a hearing on the motion on April 22, 2021. For the following reasons, the motion to stay is granted.

In determining whether to grant a stay, the Court considers the following factors:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Card Tech. Corp. v. DataCard Corp.*, No. 05-cv-2546 (MJD/SRN), 2007 WL 551615 at *3 (D. Minn. Feb. 21, 2007). The Court has substantial discretion to weigh these factors based on the unique circumstances of the case before it and to decide whether a stay is appropriate using its inherent power to manage litigation. *See Honeywell Intern., Inv. V. Furuno Elec. Co. Ltd.*, No. 09-cv-3601 (MJD/AJB), 2010 WL 3023529 at *2 (D. Minn. July 30, 2010) (citations omitted).

The Defendants argue that this case should be stayed because Congress signed the American Rescue Plan Act ("ARPA") on March 11, 2021, which will result in Plaintiffs receiving a lump-sum payment from the government in an amount equal to its pension liabilities for the next three decades. Defs.' Mem. at 1, ECF No. 196. Later this summer,

1

federal agencies are expected to promulgate implementing regulations regarding the ARPA, and the Defendants assert that these regulations may affect the "withdrawal liability" at issue in this case. Defendants assert that staying this case, at least until the Treasury Department issues those regulations—or until Plaintiffs receive special financial assistance that could "wipe out" the Defendants' liabilities—is appropriate because: (1) the forthcoming regulations will control this action and the statute's operation will not be subject to the anti-retroactivity doctrine; (2) Plaintiffs' acceptance of financial assistance will moot its claim; and (3) a stay will not be prejudicial to Plaintiffs. In addition, Defendants argue that a protective order should be entered halting anticipated depositions of both parties and non-parties. *Id.* at 9–20.

In response, Plaintiffs argue that it is far from clear that the forthcoming regulations for the ARPA will even address withdrawal liability. Further, Plaintiffs suggest that any such regulations are unlikely to "wipe out" existing obligations because doing so would be contrary to the statutory scheme that originally established withdrawal liability. As such, they characterize the Defendants' argument as pure speculation that does not support staying this case for any duration. Pl.'s Resp. at 10–17, ECF No. 202. Plaintiffs also argue that Defendants have overstated the burdens they will face if no stay is entered and they are forced to complete discovery in the coming months. Conversely, Plaintiffs suggest that a stay would be prejudicial to them because this case is already three years old, additional delay could result in the fading of witnesses' memories, and "the disruption that would be caused by a lengthy pause of fact discovery would itself heavily outweigh any prospect of hardship faced by Defendants." *Id.* at 20–21.

Weighing the relevant factors, the Court finds that a brief stay in this case is appropriate. First, although there is speculation inherent in the Defendants' argument that implementing regulations will "wipe out" their potential withdrawal liability and moot this case, it is possible that even if the Defendants are not entirely correct, the regulations could simplify or clarify the issues in this litigation. Under the relevant provision of ARPA, the Pension Benefit Guaranty Corporation and the Secretary of the Treasury "may impose, by regulation or other guidance, reasonable conditions on an eligible multiemployer plan that receives special financial assistance relating to [several considerations], and *withdrawal liability*." Pub. L. No. 117-2, § 9704(b) (ERISA § 4262(m)) (emphasis added). The statute thus empowers the responsible agencies to place conditions on the receipt of assistance for an underfunded plan like Central States in several areas, and one of the areas listed is the very

financial responsibility that Plaintiffs claim Defendants are obligated to pay. Therefore, although it is not certain to occur, the implementing regulations may clarify the issues the parties will litigate in this case.

Second, if the Defendants' position turns out to be correct, and the Plaintiffs are no longer able to recover withdrawal liability from them, the additional costs Defendants would incur from completing discovery while awaiting the regulations would be an unnecessary burden. Defendants are not so well-resourced that the substantial costs of preparing for and completing the party and nonparty depositions that lie ahead would be easily borne. As a result, the potential hardship for the Defendants of incurring additional expenses over the next few months weighs in favor of a brief stay. But the emphasis here is on the length of the stay. Given that this case is close to the completion of its pretrial stage, a protracted delay is unwarranted, and the weight attributable to the hardship imposed on Defendants from winding up the discovery phase will change once the deadline for ARPA's implementing regulations is upon us.

Third, a brief stay in this case will not unduly prejudice or present a clear tactical disadvantage to Plaintiffs. Plaintiffs' concerns over the possibility that witnesses' memories may fade is not unreasonable, but the record does not reveal why this should receive significant weight if a stay lasts only a few months. Plaintiffs do not articulate any other potential harm they would suffer beyond delay, and their concerns about a postponement of the remaining phases of this suit can be addressed by limiting the duration of the stay for an appropriately short period.

Accordingly, this case will be stayed until July 16, 2021, one week after the deadline for the Treasury Department and the PBGC to promulgate regulations or guidance regarding the conditions on multiemployer plans' receipt of special financial assistance. This will enable the Court and counsel to review any regulations passed on the July 9th deadline and consider their impact on the litigation. The Court emphasizes that it is very unlikely that a stay will be continued beyond that date. If the regulations are promulgated and do not address withdrawal liability at all, the basis for staying this case will dissipate and the litigation should recommence immediately. If the July 9th deadline comes and goes and no regulations have been passed or the agencies need more time, the weight attributed to the relevant factors changes and further delay will very likely be unwarranted. Specifically, the potential prejudice to the Plaintiffs will

likely outweigh the burden on Defendants at that point, and the potential benefit to be obtained by waiting for later-issued regulations will be far less substantial than it is now.

For these reasons, the Defendants' motion is **GRANTED**. This case is **STAYED** until July 16, 2021.

**IT IS SO ORDERED**.

Date: April 28, 2021

_s/Katherine Menendez_
Katherine Menendez
United States Magistrate Judge
